UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

TONAWANDA COKE CORPORATION and
MARK L. KAMHOLZ,

                   Defendants.

**DECISION AND ORDER**
10-CR-219S

## I. INTRODUCTION

Defendant Tonawanda Coke Corporation and its manager of environmental control, Defendant Mark L. Kamholz, are charged in a multi-count indictment with having violated, inter alia, 42 U.S.C. § 6928 (d)(2)(A) and 18 U.S.C. § 2. This Court recently accepted over objection the specific findings and recommendations contained in the Report and Recommendation of the Magistrate Judge (Docket No. 48) denying Defendant Tonawanda Coke Corporation's Motion to Dismiss (Docket No. 21), with the exception of reserving decision on Defendant's argument that the Report and Recommendation failed to address three specific regulatory arguments raised in support of dismissal. (Docket No. 54).

## II. DISCUSSION

As noted in the prior order of this Court, Docket No. 54, Tonawanda Coke Corporation ("Defendant") contends that the Magistrate Judge failed to address the arguments that Counts 18 and 20 must be dismissed on the ground that Defendants were not engaged in a disposal activity requiring a permit under the Resource Conservation and Recovery Act. Docket No. 49 at 14-16; see Docket No. 21 at 28-35. Defendant relies on 40 C.F.R. §§ 261.1 (c), 261.2 (e)(1), and 261.6 (c) in support of the argument that an exception to the permit requirement is applicable here because the handling of the storage

1

tank residue and the decanter tank tar sludge constituted recycling; the primary use of the residue and tar sludge was as an ingredient for the production of coke; and the residue and tar sludge qualified as "co-products."  This argument, stated another way, is that the Government has insufficient evidence that Defendants were required to obtain a permit for the activities involving the storage tank residue and decanter tank tar sludge.  The Second Circuit has held that "[u]nless the government has made what can fairly be described as a full proffer of the evidence it intends to present at trial to satisfy the [challenged] element of the offense, the sufficiency of the evidence is not appropriately addressed on a pretrial motion to dismiss an indictment." United States v. Alfonso, 143 F.3d 772, 776-777 (2d Cir. 1998); see United States v. Perez, 575 F.3d 164, 166-167 (2d Cir. 2009), cert denied 130 S.Ct. 2341 (2010).  As noted in the Report and Recommendation, the Government has expressly denied that a complete proffer of the evidence has been presented, Docket Nos. 26 at 24-25, 48 at 8-9, and asserts that it will present as part of its case "photographs, scientific reports, log books, inspection reports of government regulators, interview reports of [Defendant's] employees, and other physical evidence."  Docket No. 51 at 7-8.  Defendant even acknowledges "that the factual proffer before the Court at this juncture does not include every last shred of evidence that might potentially be deemed relevant to Counts . . . 18 and 20." Docket No. 52 at 4.

Defendant nonetheless asserts that the grand jury testimony of Defendant's employees contradicts the allegation in the indictment that hazardous waste was disposed of in a manner requiring a permit. Docket Nos. 21 at 5-6, 49 at 4-8; See Affirmation of Gregory F. Linsin, Docket No. 21-1, at 3-5.  The grand jury, however, determined based on the evidence before it that there was probable cause to believe that the improper disposal occurred, therefore Defendant "may not challenge this factual assertion short of

2

a trial on the merits." United States v. Bicoastal Corp., 819 F.Supp. 156, 158 (N.D.N.Y. 1993).  Further, the weight to be given to and, more importantly, the conclusions to be drawn from the testimony of Defendant's employees when considered in light of the further evidence to be offered by the Government are determinations within the exclusive province of a jury.  United States v. Huet, 665 F.3d 588, 595 (3d Cir. 2012).  Finally, although Defendant asserts that it is presenting a legal dispute for resolution, "[a] challenge to the sufficiency of the evidence always requires a court to compare the Government's proof against the statutory elements, properly understood." Perez, 575 F.3d at167.  Thus, a factual analysis is required even if the outcome of a motion depends in part on the meaning of a statutory or regulatory term. Perez, 575 F.3d at 167.

### III.  CONCLUSION

Upon further consideration of the three outstanding issues raised by Defendant, this Court concludes that dismissal of Counts 18 and 20 is not warranted at this time.

### IV.  ORDERS

IT HEREBY IS ORDERED, that the remainder of Defendant's Objections (Docket No. 49) are DENIED;

FURTHER, that the Defendant's Motion to Dismiss (Docket No. 21) is also denied.

SO ORDERED.

Dated:  May 29, 2012
      Buffalo, New York

/s/William M. Skretny
WILLIAM M. SKRETNY
Chief Judge
United States District Court